# MINCEY v. ARIZONA

No. A–302 (77–5353).   Decided October 6, 1977

Mr. Justice Rehnquist, Circuit Justice.

Applicant was convicted of murder, assault, and related drug offenses growing out of an incident which occurred at an apartment leased by him in Tucson, Ariz.   The Supreme Court of Arizona reversed the murder and assault convictions because of erroneous jury instructions, but affirmed the judgments of conviction on the drug counts.   Applicant now requests a stay of his second trial on the murder and assault counts, presently scheduled to take place on November 4, for the reason that evidence which he claims was obtained in violation of his rights under the United States Constitution will be admitted at that trial.   The evidence in question was found by the Supreme Court of Arizona to have been properly admitted in his first trial, but applicant is seeking review of that determination in a petition for certiorari presently pending before this Court.   He asks that the stay of his retrial be effective until his petition for certiorari is finally disposed of here.

The petition for certiorari is less than precise as to how much of the judgment of the Supreme Court of Arizona applicant wishes this Court to review.   I think his constitutional claims with respect to the admission of evidence at his trial can be reviewed here only insofar as they pertain to those con-

victions affirmed by the Supreme Court of Arizona (the drug counts). Indeed, the application does not seek a stay of the judgments affirming those convictions, but refers only to the murder and assault counts. Since the judgments of conviction on those counts have been reversed by the Supreme Court of Arizona, they are not final under 28 U. S. C. § 1257. But the constitutional claims which applicant seeks to assert in his petition for certiorari are, so far as I can tell, common to all counts. I assume for purposes of this motion that reversal by this Court of applicant's convictions on the drug counts would require reversal of a conviction obtained on the retrial of the murder count if the same evidence were admitted in that proceeding.

I find it unnecessary to engage in the usual speculation as to whether the petition will commend itself to four Justices of this Court, because I think that even if the petition is granted the present application should be denied. The federal constitutional right asserted by applicant is not one such as is conferred by the Double Jeopardy Clause of the Fifth Amendment where the protection extends not only to incarceration following trial in violation of the prohibition but to the subjection of the defendant to a second trial at all. Applicant's constitutional claims are based on constitutional prohibitions against the admission of certain evidence at trial, and will be sufficiently vindicated if he be freed from incarceration as a result of a conviction had in reliance on such evidence. Such claims must be asserted through normal post-trial avenues of review. Cf. *Younger* v. *Harris,* 401 U. S. 37 (1971); *Stefanelli* v. *Minard,* 342 U. S. 117 (1951).

I therefore conclude that even though this Court were to grant the petition for certiorari to review applicant's conviction on the drug counts, he would not be entitled to have his presently scheduled trial in the Arizona court stayed pending our determination of the merits of the claims made in the petition. I accordingly deny his motion to stay the trial.